Per Curiam.

Contrary to the determination of the court below, nothing in subdivision (a) of section 401 of the CCA prevents a plaintiff in person from issuing a summons in an action or proceeding he is prosecuting in his own behalf. In contradistinction with its predecessors, subdivision (d) of section 29 of the New York City Civil Court Act, and section 19 of the Municipal Court Code, both of which employed the word “must”, the language of subdivision (a) of section 401 of the CCA is permissive rather than mandatory. In the absénce of an inconsistent statute, therefore, CPLR 321 (subd. [a]) and CPLR 105 (subd. [c]) must be deemed applicable to the court below (CPLR 101). A plaintiff in person, therefore, included in the definition of 1 ‘ attorney ’ ’ (CPLR 105, subd. [c]) must have the right to issue a summons in his own action (see O’Brien v. Lashar, 206 App. Div. 623, affd. 236 N. Y. 602; Dorter v. De Mesa, 196 App. Div. 462).
The orders should be reversed, with $10 costs and original motion of plaintiff granted.
Concur — Tilzer, J. P., Hoestadter and Hecht, JJ.
Orders reversed, etc.